## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIEN DINH AND PHUONG NGO** | **CIVIL ACTION NO.** _____ |
| **VS.** | **JUDGE:**_____ |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ET AL** | **MAGISTRATE:**_____ |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA:

**NOW COME**, through undersigned counsel, **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers")** and **TERRACON CONSULTANTS, INC. ("Terracon")**, defendants in the civil action entitled *"Hien Dinh and Phuong Ngo vs. Travelers Property Casualty Company of America, et al,"* bearing case number 2022-1531, and pending in Division H of the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, who hereby file this Notice of Removal and remove this action to this Honorable Court pursuant to 28 U.S.C. §1441 and other applicable laws of the United States on the following basis:

## I.   TIMELINESS OF REMOVAL

1.

On or about April 14, 2022, a civil action was commenced by Hien Dinh and Phuong Ngo ("Plaintiffs") against Defendants, Travelers Property Casualty Company of America, Terracon Consultants, Inc., Jesse Hugh Scott, and Lease Plan USA LT in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana. Plaintiffs' Petition for Damages is attached hereto as Exhibit "1".

2.

On May 19, 2022, Terracon was served with a copy of the Citation and Plaintiffs' Petition for Damages through its agent for service of process, Corporation Service Company.

3.

On May 23, 2022, Travelers was served with a copy of the Citation and Plaintiffs' Petition for Damages through the Louisiana Secretary of State.

4.

On May 23, 2022 Lease Plan USA LT was served with a copy of the Citation and Plaintiffs' Petition for Damages.

5.

This Notice of Removal is being filed pursuant to 28 U.S.C. §1446, within thirty (30) days of the date of service of the initial pleading on Defendants, Terracon and Travelers.

## II.   GROUNDS FOR REMOVAL

6.

Pursuant to 28 U.S.C. §1441(a), the United States District Court for the Western District of Louisiana is the federal district in which the above-described state court suit is pending.

7.

This Court has jurisdiction pursuant to 28 U.S.C. §1332, and the state action is removable pursuant to 28 U.S.C. §1441, because the real parties in interests are citizens of different states and the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest.

### III.   <u>DIVERSITY OF CITIZENSHIP</u>

8.

For purposes of federal diversity jurisdiction, the citizenship of an individual is that of his domicile. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). In the Petition for Damages, Plaintiffs assert that they are each residents of Jefferson Parish, State of Louisiana. *See* Petition for Damages, Exhibit "1."  Thus, upon information and belief, Plaintiffs are domiciled in Jefferson Parish and are citizens of Louisiana.

9.

At the time of commencement of the state action and at the time of this Notice of Removal, Defendant, Jesse Hugh Scott, is and was a resident of the State of Texas. *See* Petition for Damages, Exhibit "1." Based upon information and belief, Jesse Hugh Scott is domiciled in and a citizen of the State of Texas.

10.

A corporation is a citizen of the state in which it was incorporated and the state where its principal place of business is located. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp.,* 757 F.3d 481, 483 (5th Cir. 2014). A corporation's "principal place of business" is the location where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1186 (2010).

11.

At the time of the commencement of the state action and at the time of this Notice of Removal, Terracon is and was a corporation incorporated under the laws of Delaware and maintains its principal place of business in Olathe, Kansas. As such, for the purpose of federal diversity jurisdiction, Terracon is a citizen of Delaware and Kansas.

12.

At the time of commencement of the state action and at the time of this Notice of Removal, Travelers is and was a corporation incorporated under the laws of Connecticut and maintains its principal place of business in Hartford, Connecticut. As such, for the purpose of federal diversity jurisdiction, Travelers is a citizen of Connecticut.

13.

At the time of commencement of the state action and at the time of this Notice of Removal, Defendant, Lease Plan USA Lt., was incorporated under the laws of Delaware and maintains its principal place of business in Alpharetta, Georgia. As such, for the purpose of federal diversity jurisdiction, Lease Plan USA Lt. is a citizen of Delaware and Georgia.

14.

No defendant, properly served and remaining in this action, is a citizen of the State of Louisiana. Therefore, because no defendant has the same citizenship as any Plaintiff, complete diversity exists for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332.

## IV.    AMOUNT IN CONTROVERSY

15.

The United States Fifth Circuit Court of Appeals has established "a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from

Louisiana states courts pursuant to §1332(a)(1). *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). As Louisiana law prohibits plaintiffs from specifying the numerical value of claimed damages in a civil suit, a defendant removing on diversity grounds may prove that amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is "facially apparent" that claims are likely above $75,000, or (2) "by setting forth facts in—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett,* 171 F.3d at 298); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

16.

On or about September 7, 2021, Plaintiff, Hien Dinh ("Dinh"), alleges to have sustained injuries in an automobile accident while riding as a guest passenger in Calcasieu Parish, which Dinh claims was caused due to the fault and negligence of the defendants. *See* Petition for Damages, Exhibit "1."

17.

As a result of the alleged crash, Dinh claims to have sustained permanent damage and disability.

18.

As a consequence of the alleged crash, Dinh seeks to recover the following damages: a) past, present, and future medical expenses; b) past, present, and future physical and mental pain and suffering; c) past, present, and future pain, suffering, mental anguish and emotional distress; d) loss of enjoyment of life; e) loss of income; and f) past, present, and future loss of wages. *See* Petition for Damages, Exhibit "1."

19.

Additionally, Plaintiff, Phuong Ngo, as husband of Hein Dinh, has alleged damages for loss of society, loss of consortium, and loss of support as a result of the injuries sustained by Hein Dinh. *See* Petition for Damages, Exhibit "1."

20.

In evaluating this dispute, counsel for the Defendants contacted Kurt Offner, counsel for the Plaintiffs, regarding Plaintiffs' alleged damages.  Mr. Offner advised that the Plaintiffs alleged injuries exceed $75,000 (exclusive of interest and costs).  (See, Exhibit 2 Affidavit of Leigh F. Groves)

21.

Thus, upon reasonable information and belief, the amount in controversy for this matter exceeds $75,000 (exclusive of interest and costs).

## V.   <u>REMOVAL IS PROPER</u>

22.

While denying that Plaintiffs are entitled to recover the damages sought, this action is one in which this Honorable Court has original jurisdiction under 28 U.S.C. §1332. In the instant suit, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is a controversy between citizens of different states. No defendant that has been properly joined and served is a citizen of the state in which this action has been brought. For these reasons, removal is proper under 28 U.S.C. §1441(b)(2), and this case may be removed to the United States District Court for the Western District of Louisiana.

23.

In the alternative, should this Honorable Court deem that it is not facially apparent that the amount in controversy exceed the jurisdictional amount of $75,000, Defendants pray for and are entitled to present evidence establishing the amount in controversy by a preponderance of the evidence.  28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

24.

In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Travelers and Terracon have, at the same time, given written notice to Plaintiffs, through counsel, by furnishing copies of this Notice of Removal.

25.

In accordance with 28 USC § 1446 (b)(2)(A), all properly joined and served co-defendants must consent in writing to removal. Defendant Lease Plan USA LT has consented to this removal. See Ex. 3. At the time of this filing, defendant Jesse H. Scott has not been served.

26.

A copy of this Notice of Removal will also be filed with the Clerk of Court for the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana.

27.

In accordance with 28 U.S.C. §1446(d), attached hereto are copies of all process, pleadings, and orders served upon Travelers and Terracon in the state court proceeding.  (See, Exhibit 4)

28.

Defendants, Travelers and Terracon, reserve their rights to amend or supplement this Notice of Removal.

## VI. NON-WAIVER OF DEFENSES

29.

By removing this action from the 14th Judicial District Court for the Parish of Calcasieu, Terracon and Travelers do not waive and hereby reserve any available defenses.

30.

By removing this action from the 14th Judicial District Court for the Parish of Calcasieu, Terracon and Travelers do not admit any of the allegations in Plaintiffs' Petition.

31.

Defendants, Travelers and Terracon are entitled to and request a jury trial on all issues herein.

**WHEREFORE**, because this Notice of Removal is timely and all the prerequisites for removal, including those set out in 28 U.S.C. §1441 and 1446 have been met, Defendants, **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** and **TERRACON CONSULTANTS, INC.,** pray this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this action be removed from the Fourteenth Judicial Court, Parish of Calcasieu, State of Louisiana, to this Honorable Court as if initially commenced herewith.

Respectfully submitted,

**DONOHUE, PATRICK & SCOTT, PLLC**

/s/ Leigh F. Groves
KEELY Y. SCOTT (#23932)
LEIGH F. GROVES (#23737)
KIRK A. PATRICK, III (#19728)
RHETT B. MONROE (#39990)
450 Laurel Street, Suite 1600
Post Office Box 1629
Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214-3551

kscott@dps-law.com
lgroves@dps-law.com
kpatrick@dps-law.com
rmonroe@dps-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on the 16th day of June, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Baton Rouge, Louisiana this 16th day of June, 2022.

/s/ Leigh F. Groves
LEIGH F. GROVES